STATE v. EWING.

(November 27, 1900.)

*Indictment—Murder—Degree—Grand  Jury—Demurrer—*
  *Homicide—Bill of Indictment—Criminal Law.*

Where an indictment charges murder, the grand jury have no
  power to return it for murder in the second degree.

CLARK and DOUGLAS, JJ., dissenting.

INDICTMENT against D. A. Ewing, heard by Judge *H. R. Bryan,* at October Term, 1900, of MONTGOMERY Superior Court.

Indictment for murder:   "The jurors for the State," etc., "present:   That D. A. Ewing, late of the county of Montgomery, State of North Carolina, on the 17th day of March, 1899, at and in said county and State, with force and arms feloniously, wilfully, and of his malice aforethought did kill and murder one James Stewart, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."   Upon said bill was the indorsement:   "A true bill for murder in the second degree." The defendant, before plea, moved to quash the bill upon the ground that the grand jury had no right to find the bill as

STATE *v.* EWING.

indorsed. Overruled. Defendant excepted. Defendant then
moved to quash upon the grounds set forth in certain affida-
vits filed, to which the State replied, and the Judge found
the following facts: "The defendant in this case having
moved to quash the bill of indictment for causes set out in
affidavits submitted to the Court, to which counter affidavits
were submitted, the Court finds the following facts: (1)
That Wiley Rush, Solicitor, was informed by the foreman
of the grand jury, about the time the bill was being consid-
ered, that the defendant had some relatives who were mem-
bers of the grand jury. That the Solicitor then told the
foreman that he could excuse any relatives of the defendant
if they so desired during the consideration of the bill. (2)
That the foreman, in pursuance of such information from
the Solicitor, and after one member of the grand jury had
asked to be excused for the reason that he was related to the
defendant, said to said member that he might be excused, and
to the body of the grand jury that any member related to the
defendant might excuse himself, whereupon said member
who had spoken to the foreman and two other members ex-
cused themselves, and left the jury room. That no member
was excluded otherwise than above stated. That the name of
Silas Robinson was indorsed upon the bill of indictment by
the foreman by the direction of the Solicitor after the bill
had gone into the hands of the foreman, and by direction of
Solicitor was called and examined. (4) That said bill was
brought into open court by the foreman alone. Upon this
the Court refused the motion, and defendant excepted. And
upon the facts so found the defendant again moved to quash
the indictment. Overruled, and defendant excepted." De-
fendant then demurred to the bill of indictment upon the
ground that, while the bill was drawn for murder in the first
degree, the grand jury found and indorsed said bill, "A true

bill for murder in the second degree." His Honor sustained the demurrer, and rendered judgment requiring the defendant to enter into bond of $2,000 for his appearance at the next term of Court to abide further action of the Court. The Solicitor for the State appealed.

*Zeb. V. Walser,* Attorney-General, for the State.
*Douglass & Simms,* for the defendants.

FAIRCLOTH, C. J.   The bill of indictment charges in one count that the defendant "feloniously, wilfully, and of his malice aforethought did kill and murder one James Stewart," contrary, etc.   The grand jury returned "A true bill for murder in the second degree."   The defendant, before pleading, moved to quash the bill upon the ground that the grand jury "had no right to find the bill as indorsed upon the back thereof."   Motion overruled.   The Court then found the facts as set out in the record, and thereupon the defendant demurred on the ground that the bill is drawn for murder in the first degree and the grand jury have found a true bill for murder in the second degree.   Demurrer sustained, and the State appealed.

We believe this question has not heretofore been before this Court, and it is probably here now by reason of Acts 1893, chap. 85.   Section 1 provides that the offenses mentioned therein shall be deemed murder in the first degree.   Section 2 provides that all other kinds of murder shall be deemed murder in the second degree.   Section 3 provides that nothing herein contained shall be construed to require any alteration or modification of the existing form of indictment for murder, but the jury before whom the offender is tried shall determine in their verdict whether the crime is murder in the first or second degree.   It is evident that the Legislature

intended that the petit jury, and not the grand jury, should determine the degree of the offense upon the whole of the evidence. It is argued that the bill, with a single count, as in this case, contains the essential element of two counts, one in the first and one in the second degree, on the principle that the greater includes the lesser. If the grand jury is allowed, upon the State's evidence alone, to fix the grade in the second degree, then the petit jury has nothing to determine except to adopt the conclusion of the grand jury, no matter what the whole evidence may disclose. It is not questioned that when the bill contains several counts the grand jury may find one count true and ignore the others, for each count contains a distinct charge, and the jury may find one true only. The law intends to punish the guilty and protect the innocent, and to that end it is necessary to adopt rules in the administration of the criminal law, and we know of none better than those developed and established by the wisdom of past ages. We are inclined to think that Acts 1893, chap. 85, is well adapted to the just administration of the criminal law and to the present conditions of society. Turning, then, to the forms, precedents, and practice, we find them uniform on the question before us, and we find no contrariant decision in any courts of the American States. Whart. Cr. Pl. and Prac. (9th Ed.), sec. 374, expresses it: "Where there are several counts, the jury can find one true and ignore the others; but, where there is only one count, they must either pass or reject the whole." Chitty on Criminal Law (volume 1, p. 322) says: "The jury can not find one part of the same charge to be true, and another false, but they must either maintain or reject the whole; and therefore, if they indorse a bill of indictment for murder *billa vera se defendo,* or *billa vera,* for manslaughter, and not for murder, the whole will be invalid, and may be quashed on motion." So, in Archb. Cr. Pl. and

Prac., 99, it is laid down: "They can not, however,.find a true bill as to part of a count, and ignore the rest of it." To the same effect are 1 Russ. Crimes, 312, and *State v. Wilhite,* II Humph., 602. In *State v. Williams,* 31 S. C., *296, the charge was an assault and rioting in one count. The jury returned a true bill as to an assault, no bill as to rioting. Held, that the jury could not so find, "but must find generally on the whole charge as contained in the indictment." In *State v. Cowan,* 1 Head, 280, the bill was for murder, and indorsed, "The grand jury find a true bill for manslaughter." The Court said: "The rule seems to be well established that the grand jury can not find one part of the same charge to be true and another part false, but must either maintain or reject the whole and therefore on an indictment for murder they can not find a true bill for manslaughter. This is a technical rule, but the current of authority is in support of it." *State v. Creighton,* 1 Nott. and McC., 256: "Where the grand jury, on a count for riot and assault in an indictment, find A guilty of a riot, it is a partial finding of the entire count, and therefore void." Other authorities of the same import may be bound. We have copied freely, because the question under our statute is practical and important. We are satisfied that due care and caution in the conduct of grand juries in discharging their duties are not always observed in the districts, and in this connection we will call attention to *State v. Brown,* 81 N. C., 568, where it is held that a bill of indictment returned into Court "Not a true bill" can not be amended and reconsidered by the same grand jury, for the reasons there stated. For the foregoing reasons we think the demurrer was properly sustained.

No error.

MONTGOMERY, J. (concurring in the result). If the evi-

dence before the grand jury disclosed a case of murder in the second degree only, I think that that body should have made their finding on the bill that was sent to them (a bill for murder in the usual form before the Act of 1893) simply "A true bill," without the qualifying words of "murder in the second degree." It was provided in the act that there need be no "alteration or modification of the existing form of indictment for murder, but the jury before whom the offender is tried shall determine in their verdict whether the crime is murder in the 'first or second degree." I think that if a grand jury, since the Act of 1893, in the investigation of a homicide, find from the evidence, that a killing has occurred which amounts to manslaughter only, the bill of indictment should be found and returned for manslaughter. But, if the homicide is of higher culpability than manslaughter, then the grand jury should return a true bill of murder in the form in use before the statute. The petit jury is the tribunal upon which is devolved by the statute the duty of fixing the degree of guilt, whether murder in the first or murder in the second degree, upon the evidence of both the State and the prisoner. The distinction between murder in the first and murder in the second degree, under the Act of 1893, is not for the grand jury to point out and determine, but is a matter for the action of the petit jury, after hearing all the evidence and receiving the instruction of the Court. The law declares that the form of the indictment is immaterial as between the two crimes, and that the petit jury shall be charged with the duty of declaring the grade of the crime as between murder in the first and murder in the second degree, and not the grand jury. And this appears to me to be necessarily so, for, if the Solicitor should conform to the wishes of the grand jury, as expressed in their finding, and send in a bill for murder in the second degree, the bill would

be in the exact language of the one upon which the grand jury undertook to act. I am therefore of the opinion that the grand jury transcended its power in finding the bill "A true bill for murder in the second degree," in that it undertook to prescribe a verdict for the petit jury, and that his Honor was right in sustaining the demurrer.

CLARK, J. (dissenting). The forms of indictment for murder in the first degree and for murder in the second degree are identical. It may be that the Solicitor sent this bill for murder in the second degree, and the presumption of regularity is that he did; then, the indorsement, "True bill for murder in the second degree," is correct. When this case goes back, the Solicitor will send a bill for murder in the second degree. It will be *verbatim et literatim et punctuatim* a copy of this bill. If the grand jury find that a true bill, they will return it, "True bill for murder in the second degree," and we shall have a duplicate of the paper now declared invalid, unless the opinion of the Court means that the grand jury, contrary to the intention of the Solicitor and their own view of the evidence, are compelled to return "A true bill," and thus put the prisoner on trial for murder in the first degree. If the grand jury, as in this case, think the evidence justifies only an indictment for murder in the second degree, it surely can not be that they, sworn men as they are, are compelled to make a return which the law will presume is an indictment for a higher offense, and thus put the prisoner on trial for his life, when the grand jury has found only evidence warranting a charge for an offense not capital.

DOUGLAS, J., dissenting.