The defendant was indicted for murder in the usual form under Laws 1887, ch. 58. When the case was reached for trial on Tuesday of Court, the attorneys for the defendant being present and not objecting, the Solicitor stated that no special venire was necessary, as he should only ask for a verdict of murder in the second degree, or manslaughter, and *Page 432 
(585) no special venire was ordered. On Wednesday both sides announced their readiness for trial and the trial commenced. The defendant offered to challenge more than four jurors peremptorily. The State objected. The Court sustained the objection, stating at the time that the Solicitor did not ask for a verdict for a capital felony, in which case only the defendant was entitled to more than four peremptory challenges. The defendant excepted to the refusal of the Court to allow him to challenge the fifth peremptorily.
The jury was sworn and empaneled. The Solicitor read the bill of indictment and stated to the jury that he should not ask for a verdict of murder in the first degree, but only for murder in the second degree, or manslaughter, and the Court, in both the opening and concluding parts of the charge, stated to the jury that they must not render a verdict for any higher offense than murder in the second degree.
We do not see how the defendant has been prejudiced or deprived of his rights in any way. He was not exposed to trial for a capital felony before the petit jury. It is only when a person is "on trial for his life" (Code, sec. 1199) that he may challenge peremptorily 23 jurors, and the defendant was not on trial for his life. The Solicitor gave notice beforehand, and again in beginning the trial, that a capital verdict was not asked for, and the Court instructed the jury that they could not return a verdict for murder in the first degree, the defendant being on trial for a lesser offense.
Laws 1893, ch. 85, prescribes the same form of indictment for murder in the first degree and murder in the second degree, and this Court has held in S. v. Ewing, 127 N.C. 555, that the grand jury can not endorse on such bill that it is a true bill for murder in the second degree, but must return it simply as "a true bill" or "not a true bill." But the statute does prescribe two distinct offenses — murder in the first degree, which is punishable with death, and murder in the second (586) degree, which is not. As the State can not indicate that it intends to put the defendant on trial for the lesser of these offenses by indicating it in the form of the bill or by the indorsement of the grand jury, the Solicitor must be allowed to do so at the earliest moment possible, to-wit, when the case is called and at the time when, if the defendant is to be put "on trial for his life," a special venire would be asked and ordered. If this could not be done, the public would be put in every instance to the inconvenience of summoning a large body of citizens needlessly from their usual avocations, and in many counties now to the useless expense of paying them per diem *Page 433 
and mileage for the trial of a case in which the representative of the State does not think the evidence would sustain a charge for a capital offense, and has declined to put him on trial therefor. This inconvenience and expense should be borne if the statute so required, or justice to the defendant, but such is not the case. The language of the statute does not entitle one "indicted for a capital felony" to 23 peremptory challenges, but only one who is "on trial for his life," and the defendant never was. The indictment on its face being for either offense, the State made it clear when the case was called that it elected to go to trial for the lesser. The defendant did not, and could not, object.
Under an indictment for murder the defendant may be convicted either of murder in the first degree, murder in the second degree, or manslaughter, and even of assault with a deadly weapon, or simple assault "if the evidence shall warrant such finding" when he is not acquitted entirely. Laws 1885, ch. 68. It is as if all these counts were separately set out in the bill (for it includes all of them), S. v. Gilchrist, 113 N.C. 673; and the Solicitor can nol pros. any count, and a nol pros. in such case is in effect a verdict of acquittal as to that.S. v. Taylor, 84 N.C. 773; S. v. Sorrell, 98 N.C. 738. (587) His action here was at least equal to a nol pros. as to the count for murder in first degree. It may be it would be better form to enter such renunciation on the record formally. Certainly it should have been done if the defendant had requested it. But it does not appear here that it was not done, nor that the defendant asked that it should be done, and, if it was not done, the defendant has not excepted on that ground, and certainly has suffered no prejudice from such failure, for the verdict is only for manslaughter, and the sentence is three years in the State's Prison.
The declaration of the defendant that he intended to get some whiskey and go down to the party that night and "raise some hell," was competent to show malice, which was an element in the charge of murder in the second degree upon which he was on trial. It was not necessary to show special malice as to the deceased, since he was one of the persons at the party and embraced within the declaration of the defendant. Foster's Crown Law,.....;S. v. Mills, 91 N.C. at page 596.
In lieu of special instructions asked, the Court told the jury that it did not matter what had taken place between the parties before the killing — whether the defendant entered into the fight willingly or not — if at that time it was necessary for the defendant to kill the deceased in order to save himself from *Page 434 
great bodily harm or death, he would be excusable and their verdict should be "not guilty." This charge was more favorable to the defendant than the instructions asked, and indeed was erroneous in that it was more favorable to him than the law justified. S. v. Medlin, 126 N.C. 1127; S. v. Gentry,125 N.C. 733; S. v. Kennedy, 91 N.C. top of page 578; but the defendant can not complain of that.
Affirmed.
Cited: S. v. Caldwell, 129 N.C. 683; Coward v. Com'rs., 137 N.C. 300;S. v. Exum, 138 N.C. 605; S. v. Matthews, 142 N.C. 624; S. v.Walker, 145 N.C. 569.
(588)