COWARD v. COMMISSIONERS.

(Filed December 17, 1904).

1. WITNESSES—*Costs—Homicide—Nolle Prosequi—The Code, secs. 739, 3752, 3756, 3739.*

Where a *nolle prosequi* is entered on an indictment for homicide as to murder in the first degree, the witnesses for the state subsequently attending the trial are entitled to only half fees.

2. COSTS—*Counties.*

To tax a county with the costs in a criminal action where the defendant is convicted, the trial judge must find that the defendant is unable to pay the costs.

3. WITNESSES—*Costs.*

A witness for the state being entitled to only half fees may recover in full the amount paid for proving his ticket.

4. COSTS—*Counties.*

Where a party pays into court the full amount afterwards recovered, he should not be taxed with the costs.

ACTION by O. B. Coward against the Commissioners of Jackson County, heard by *Judge G. S. Ferguson,* at January Term, 1904, of the Superior Court of JACKSON County. From a judgment for the plaintiff the defendants appealed.

*Walter E. Moore,* for the plaintiff.
*C. C. Cowan,* for the defendant.

CLARK, C. J.   The question presented is the liability of
the county of Jackson for costs of State's witnesses in *State
v. Long,* who was indicted in that county for murder, but
whose cause was removed to the Superior Court of Macon
County.   After the removal to the latter court a *nolle prose-
qui* was entered as to murder in the first degree, and the
witnesses were subpœnaed to the next term, at which the pris-
oner was tried for murder in the second degree and con-
victed of manslaughter.   The witnesses for the State were
entitled to their mileage and fees in full so long as attending
court as witnesses upon the capital charge, including the
term at which the *nol pros.* was entered.   This was not con-
tested, and those costs have been paid in full.

The plaintiff is assignee of the State's witnesses, Fowler
and Fengate, as to their witness tickets for that part of their
attendance which was at the terms subsequent to that at which
the *nol pros.* as to the capital charge was entered, and he
claims full fees.   But the attendance at those terms was to
prove a non-capital charge, and by section 739 of The Code
it is provided that "if there be no prosecutor in a criminal
action, and the defendant shall be acquitted or convicted and
unable to pay the costs or a *nolle prosequi* be entered or judg-
ment arrested, the county shall pay the clerks, sheriffs, con-
stables, justices and witnesses one-half their lawful fees, ex-
cept in capital felonies and in prosecutions for forgery, per-
jury and conspiracy, when they shall receive full fees."

In *State v. Hunt,* 128 N. C., 584, it is held that the Solici-
tor may enter a *nol pros.* as to the charge of murder in the
first degree and that thereafter it is only a trial for murder
in the second degree, entitling the prisoner only to four per-
emptory challenges.   And it is added (p. 586) that thereafter
the county will be saved the higher expense attendant upon
attendance of witnesses for the trial of the higher offense.

The plaintiff contends that at all events he is entitled to re-

cover full pay for witness Fengate, because he attended Court out of his county. The Code, sec. 3756, fixing the per diem and mileage of witnesses, makes this discrimination between witnesses that those attending out of their own county shall receive five cents mileage, and those attending within the county "a rate to be fixed by the county commissioners, not to exceed five cents per mile." But payment of both alike, and all other costs, must be made by the county in the manner provided by section 739 (above set out) in cases in which the costs shall fall upon the county, as therein specified. The true construction of The Code, section 3756 (regulating fees of witnesses), section 3739 (regulating fees of clerks), and section 3752 (regulating fees of sheriffs), is had by reading as a proviso at the end of each of them section 739. It may be noted that the Court failed to find that the defendant Long was convicted and unable to pay the costs, which finding was probably necessary under section 739 to recover against the county at all. But there is no exception on this point, and we presume that such finding was in fact made.

The second exception, that the Court allowed repayment in full of ten cents paid by the witness to the Clerk for proving his ticket, cannot be sustained. This was no part of the costs of the case proper, but a necessary disbursement of the witness to procure proof of his attendance, and he (or his assignee) is entitled to have it back in full. If the county paid back only half of that sum it would be keeping half the money the witness himself has paid.

The defendant having made tender upon demand, and paid into court the full amount of one-half the witness tickets held by the plaintiff, should not have been taxed with the costs. *Pollok v. Warwick,* 104 N. C., 638; *Smith v. Loan Asso.,* 119 N. C., 256.

Error.