STATE *v.* GEORGE MAYHEW ET AL.

(Filed 31 May, 1911.)

Solicitor's Fees—Homicide—Insolvent Defendant—Capital Felony—Interpretation of Statutes.

A trial upon an indictment charging murder in the first degree, with conviction in the second degree, the solicitor having announced on the trial that he would only ask for conviction in the second degree or manslaughter, does not entitle the solicitor to his full fees when the party convicted is insolvent, the exception to the statute where full fees are allowed in such instances being "capital felonies," etc., and murder in the second degree is not a "capital felony." Revisal, sec. 2768.

CLARK, C. J., dissenting; WALKER, J., concurring in the dissenting opinion.

APPEAL from *O. H. Allen, J.,* at the April Term, 1910, of WAYNE.

This is an appeal by the Commissioners of Union County from an order of his Honor retaxing the costs or fees due the solicitor in above case.

The following are the findings and judgment:

1. That at January Criminal Term of Union County the solicitor sent a bill of indictment before the grand jury, charging George Mayhew and two others with murder in the first degree, and that said indictment was returned into open court on Monday, 28 January, indorsed "A true bill."

2. That on 31 January at said term the solicitor announced that he would not ask for murder in the first degree, but for murder in the second degree or for manslaughter, as the jury might find the facts to be.

3. That said defendants were put on trial and convicted of murder in the second degree at said term, and were sentenced to terms of years in the penitentiary.

4. That said defendants are insolvent and are unable to pay the costs in the case.

5. That in making out the bill of costs in the case to be presented to the county commissioners the clerk taxed a fee of $10 for each defendant, and the bill was ordered paid by the Commissioners of Union County.

6. That upon due notice to the Commissioners of Union County the solicitor moved to retax the bill of costs, claiming that he is entitled to a fee of $20 for each defendant; and, by consent, the motion was heard before the court at the February term of the Superior Court.

Upon the foregoing facts the court is of the opinion that the solicitor is entitled to a fee of $20 for each defendant convicted upon said indictment, and the clerk is hereby directed to retax the bill of costs in accordance with this order.

*J. J. Parker for the Solicitor, appellee.*

*Adams, Armfield & Adams for Commissioners of Union County, appellants.*

STATE *v.* MAYHEW.

BROWN, J.   The fees of the solicitor in this case are fixed by the following paragraphs, section 2768 of the Revisal: "The solicitors shall, in addition to the general compensation allowed them by the State, receive the following fees, and no other, namely:

"For every conviction upon an indictment which they may prosecute for a capital crime, $20.

"The fees in all the above cases are to be taxed in the costs against the party convicted; but where the party convicted is insolvent, the solicitor's fees shall be one-half, to be paid by the county in which the indictment was found, except that for convictions in capital felonies, forgery, perjury, and conspiracy, when they shall receive full fees."

The record in this case raises only one point, viz.:  Is the solicitor entitled to full fee of $20 for each defendant or to only $10, half fees?

It is admitted by the counsel for the appellants, the commissioners, that the solicitor is entitled to $10, half fees, for each defendant convicted in this case.

The prosecution, as commenced by bill of indictment, was undoubtedly for a capital crime, but the conviction was for murder in the second degree, which is not a capital crime.   It would therefore seem plain that under the express language of the act, the defendants being insolvent and the county taxed with the costs, the solicitor is entitled to only half fees, admitted by appellants to be $10 in each case.

There was no conviction for a capital felony, and therefore the case is not brought within the exception contained in the statute.

Since the division of the crime of murder into two degrees, the solicitor's fees have remained unchanged.   It requires about as much labor to convict of murder in second degree as of the capital crime, and a conviction for the former should be put on the same basis as forgery, perjury, and conspiracy; but that can be done only by the Legislature.

It is suggested that the solicitor never prosecuted an indictment for a capital crime, and that he is entitled to only $4.   We are of opinion that he commenced a prosecution upon an in-

dictment for a capital crime, and that had he convicted the defendants of the capital felony he would have been entitled to $20 for each defendant; but as he did not so convict, he is entitled to only half that sum. The prosecution commenced when the solicitor drew the indictment for murder, a capital felony, and sent it to the grand jury. The prosecution for a capital felony continued when the bill was returned a true bill and the solicitor caused the prisoners to be arraigned, as the record shows, for a capital felony. "Prosecution is the whole or any part of the procedure which the law provides for bringing offenders to justice." Words and Phrases, vol. 6, p. 5737, citing *Ex parte Fagg,* 38 Tex. Cr. R., 573, 44 S. W., 294, 40 L. R. A., 212.

No degrees of murder were recognized in this State prior to 1893, and all murder was punishable with death. The act of 1893 created no new crime. It merely classified the different kinds of murder, leaving it to the petit jury to say of what degree of murder the accused is guilty. Pub. Laws 1893, ch. 85; *S. v. Ewing,* 127 N. C., 555, 37 S. E., 332; *S. v. Banks,* 143 N. C., 656, 57 S. E., 174. As pointed out above, this Court has held that the solicitor must send a bill charging murder in the first degree, and the grand jury must so find it, before the solicitor can prosecute the accused for murder in the second degree. *S. v. Ewing, supra.* Therefore when the solicitor after arraignment decided to ask for a verdict of murder in the second degree only upon the evidence, so far as his fees are concerned he occupied the same position as if he had asked for a conviction for the capital felony and secured one for the second degree only. We cannot suppose for a moment that when the Legislature divided the crime of murder into two degrees it intended as a consequence to reduce the solicitor's fees to $4 in case of a conviction for murder in second degree. This would reduce the fee in such cases to a much smaller figure than is allowed in perjury, forgery, counterfeiting, and seven other offenses of much less gravity than homicide, where the fee is fixed at $10. Revisal, 2768.

We think our opinion that the indictment and arraignment constituted a prosecution for a capital felony, although there

STATE *v.* MAYHEW.

was a conviction for murder in second degree, is strongly supported by the opinion in *Coward v. Commissioners,* 137 N. C., 300, 49 S. E., 207, where *Clark, C. J.,* says: "The question presented is the liability of the county of Jackson for costs of State's witnesses in *S. v. Long,* who was indicted in that county for murder, but whose cause was removed to the Superior Court of Macon. After the removal to the latter a *nolle prosequi* was entered as to murder in the first degree, and the witnesses were subpœnaed to the next term, at which the prisoner was tried for murder in the second degree and convicted of manslaughter. The witnesses for the State were entitled to their mileage and fees in full so long as attending court as witnesses upon the capital charge, including the terms at which the *nol. pros.* was entered." In that case there was a trial for murder in the second degree only, and yet the witnesses were allowed full fees so long as attending court upon the capital charge.

We take the true intent and meaning of the law is that the solicitor shall receive $20 for a conviction in a capital felony, and where he indicts and arraigns the prisoner for the capital felony, and the jury returns a verdict of murder in second degree or manslaughter, the solicitor is entitled to $10 only.

Error.

CLARK, C. J., dissenting. Rev., 2768, provides that the solicitors shall "receive the following fees and no other." In the list is the following: "For every conviction upon an indictment which they may *prosecute for a capital crime,* $20."

Rev., 3245, provides the form of indictment for murder and Rev., 3271, provides that the same form shall be used, whether it is murder in the first degree or murder in the second degree. In *S. v. Ewing,* 127 N. C., 555, it was held that the grand jury could not make the distinction by indorsement upon the bill, and in *S. v. Hunt,* 128 N. C., 589, it was said that when the case is reached for trial the solicitor determined that the trial or prosecution was for murder in the second degree by then so stating. The Court held that "such action was equivalent to

a *nol. pros.* as to murder in the first degree," and that consequently the prisoner was not entitled to a special venire or twenty-three challenges. This has been approved in *S. v. Caldwell,* 129 N. C., 683; *Coward v. Commissioners,* 137 N. C., 300.

In *Coward v. Commissioners,* 137 N. C., 300, the Court held, approving the above cases, that when a *nol. pros.* is entered as to murder in the first degree the State's witnesses subsequently attending are entitled to only half fees. The solicitor having entered a *nol. pros.,* the prisoner, it was held, was not *prosecuted* for murder in the first degree and was deprived of all his challenges but four, and of the right to a special venire. After such *nol. pros.* the witnesses also were not entitled to be considered witnesses in a capital felony, and were deprived of the pay which they would have otherwise received as much.

How, then, can it happen that the solicitor, notwithstanding the *nol. pros.* entered by him, shall be entitled to pay for *prosecuting* a capital felony? As to the prisoner, it is held that he was not prosecuted for a capital felony. As to the witnesses, it is held that they are not attending a prosecution for a capital felony. How, then, could the solicitor be prosecuting for a capital felony so as to earn an allowance which is given for the extra labor involved in prosecuting an offense in which a special venire is ordered, and twenty-three challenges are allowed, and with the responsibilities incident to a trial in which a verdict is sought for a capital offense?

The grand jury certainly could not prosecute. The bill is a very simple one of a few lines, and is simply a bill for "murder." It is not a bill specifying either degree of murder, and whether it is to be "prosecuted for a capital felony" or not cannot be determined till the prosecution or trial begins, at which time the solicitor in this case stated that the trial or prosecution would be for "murder in the second degree," which is not a "prosecution for a capital felony." The solicitor prosecuted for murder in the second degree and entered of record that he would not prosecute, *i. e.,* would not try the prisoner, for the capital felony. He cannot be entitled to an allowance for "prosecuting for a capital felony" when he has done nothing of the kind.

The "prosecution" by the solicitor means "the trial," and begins only when the trial begins. This is plainly stated by *Chief Justice Marshall* in *Cohen v. Va.,* 19 U. S., 264, who said: "To prosecute a suit is, according to the common acceptation of language, to continue a demand which has been made by the institution of process in a court of justice."

It may be that the Legislature has not been as liberal to the solicitors in this respect as they ought to be, and that there ought to be a larger allowance than $4 for prosecuting for murder in the second degree, which is the actual service that the solicitor in this case rendered. But it is for the Legislature to fix the fees of the solicitor, and if they are too low, it is for that body, and not for the courts, to amend the allowances.

WALKER, J., concurring in opinion of CHIEF JUSTICE. I agree that there is error in the judgment, but not for the reason stated by the majority.

The definition in the opinion of the Court of the word "prosecution," as being the whole or any part of the procedure which the law provides for bringing offenders to justice, is statutory and was taken from a Texas enactment. It does not conform to the accepted definition of the word, but was evidently intended, for some reason, to modify it. The courts have generally adopted *Chief Justice Marshall's* definition, as given in the opinion of the *Chief Justice.* The Court, in *Buecker v. Carr,* 60 N. J. Eq., 300, says there is a clear distinction between the prosecution of a proceeding or suit and the bringing or initiation of it. The same Court held in *S. v. McDonald,* 2 N. J. Law, 355-360, that "a prosecution is not an action, it is not a suit, for none of our books confound it with those two words. It is the following up or carrying on of an action or suit already commenced, until the remedy be attained." In *Schulte v. Keokuk County,* 74 Iowa, 292, a case involving the amount of fee due a solicitor, the Court adopted the definitions of the word given by Bouvier and Burrill, substantially the same, as follows: "A prosecution is the means adopted to bring a supposed offender to justice and punishment by due

course of law." Bouvier's Law Dict.; or "the institution and
continuance of a criminal suit; the process of exhibiting formal
charges against an offender before a legal tribunal, and pur-
suing them to final judgment on behalf of the State or Govern-
ment, as by indictment or information." Burrill's Law Dict.
"To prosecute an action or suit is to follow up or to carry
on such action or suit." *Inh. of Knowlton Township v. Read.*
6 Halst., 321. "The requirement to 'prosecute' means that the
suit or proceeding shall be followed up to the conclusion, and
is not complied with by a return of the suit to the court, for
that is but one of the series of acts which go to make up the
prosecution of the suit." *Marryott v. Young,* 4 Vroom, 337;
6 Words and Phrases, p. 5734. Having regard to its Latin
derivation, the word means not to go backward or abandon, but
to pursue or to go forward. It clearly involves the idea of
continuance, and not suspension. Blackstone and Webster
agree that "to prosecute" means "to institute and carry on a
legal proceeding." All this is according to the high authority
of *Chief Justice Marshall.* But our statute plainly contem-
plates that the indictment shall first be returned by the grand
jury and then prosecuted. It so says: "For any conviction
upon an indictment which they may prosecute for a capital
crime, $20." As you cannot carry on what is not commenced,
the indictment may, in that sense, be a part of the criminal
prosecution, but not by any means all of it, and the prosecution
intended by the statute is that which follows the finding of the
bill. We do not even require the aid of a definition to guide
us in ascertaining the meaning of this provision. It sufficiently
explains itself.

My strong inclination would be to decide in favor of the
full allowance of $20, believing, as I do, that it would be
but inadequate compensation for the services rendered in such
cases; but the language of the statute is clear and the meaning
too plain even for construction. The defendant must be prose-
cuted for the capital felony to entitle the solicitor to the fee
of $20. It seems to me that the expression used, "for con-
viction in capital felonies," when providing for half fees, and
the other, "for conviction upon an indictment which they may

prosecute for a capital crime," should have the same meaning, and if the construction of the majority is correct, namely, that the prosecution intended by the statute is the commencement of the proceeding by the finding of the bill, the solicitor should have the full fee of $20, and the judgment should, therefore, be affirmed; but for the reasons above stated, my opinion is that the solicitor is not entitled to even the half of the fee of $20, as he did not prosecute for the capital crime.

*Coward v. Commissioners,* 137 N. C., 300, sustains our view. As long as there was a prosecution for the capital crime, the fees were allowed to the witnesses, as claimed by them, but not so after the solicitor had abandoned the prosecution for the capital felony and had agreed to prosecute only for murder in the second degree. This shows clearly that there must be a continuance of the prosecution for the capital felony in order to entitle the solicitor to the fee of $20.