CLARK, C. J., dissenting; WALKER, J., concurring in the dissenting opinion.
Appeal by the Commissioners of Union County from an order of his Honor retaxing the costs or fees due the solicitor in above case.
The following are the findings and judgment:
1. That at January Criminal Term of Union County the solicitor sent a bill of indictment before the grand jury, charging George Mayhew and two others with murder in the first degree, and that said indictment was returned into open court on Monday, 28 January, indorsed "A true bill."
2. That on 31 January at said term the solicitor announced that he would not ask for murder in the first degree, but for murder in the second degree or for manslaughter, as the jury might find the facts to be.
3. That said defendants were put on trial and convicted of murder in the second degree at said term, and were sentenced to terms of years in the penitentiary.
4. That said defendants are insolvent and are unable to pay the costs in the case.
5. That in making out the bill of costs in the case to be presented to the county commissioners the clerk taxed a fee of $10 for each defendant, and the bill was ordered paid by the Commissioners of Union County.
6. That upon due notice to the Commissioners of Union County the solicitor moved to retax the bill of costs, claiming that he was entitled to a fee of $20 for each defendant; and, by consent, the motion was heard before the court at the February term of the Superior Court.
Upon the foregoing facts the court is of the opinion that the solicitor is entitled to a fee of $20 for each defendant convicted upon said indictment, and the clerk is hereby directed to retax the bill of costs in accordance with this order.
The fees of the solicitor in this case are fixed by the following paragraphs, Revisal, sec. 2768; "The solicitors shall, in addition to the general compensation allowed them by the State, receive the following fees, and no other, namely:
"For every conviction upon an indictment which they may prosecute for a capital crime, $20.
"The fees in all the above cases are to be taxed in the costs against the party convicted; but where the party convicted is insolvent, the solicitor's fees shall be one-half, to be paid by the county in which the indictment was found, except that for convictions in capital felonies, forgery, perjury, and conspiracy, when they shall receive full fees."
The record in this case raises only one point, viz.: Is the solicitor entitled to full fee of $20 for each defendant or to only $10, half fees?
It is admitted by the counsel for the appellants, the commissioners, that the solicitor is entitled to $10, half fees, for each defendant convicted in this case.
The prosecution, as commenced by bill of indictment, was undoubtedly for a capital crime, but the conviction was for murder in the second degree, which is not a capital crime. It would therefore seem plain that under the express language of the act, the defendants being insolvent and the county taxed with the costs, the solicitor is entitled to only half fees, admitted by appellants to be $10 in each case.
There was no conviction for a capital felony, and therefore the case is not brought within the exception contained in the statute.
Since the division of the crime of murder into two degrees, the solicitor's fees have remained unchanged. It requires about as much labor to convict of murder in second degree as of the capital crime, and a conviction for the former should be put on the same basis as forgery, perjury, and conspiracy; but that can be done only by the Legislature.
It is suggested that the solicitor never prosecuted an indictment for a capital crime, and that he is entitled to only $4. We are of opinion that he commenced a prosecution upon an indictment for a capital (480) crime, and that had he convicted the defendants of the capital felony he would have been entitled to $20 for each defendant; but as he did not so convict, he is entitled to only half that sum. The prosecution commenced when the solicitor drew the indictment for murder, a capital felony, and sent it to the grand jury. The prosecution for a capital felony continued when the bill was returned a true bill and the solicitor caused the prisoners to be arraigned, as the record shows, for a capital felony. "Prosecution is the whole or any part of the procedure which the law provides for bringing offenders to justice." 6 Words Phrases, 5737, citing Ex parte Fagg, 38 Tex. Cr. App., 573, 40 L.R.A., 212. *Page 389 
No degrees of murder were recognized in this State prior to 1893, and all murder was punishable with death. The act of 1893 created no new crime. It merely classified the different kinds of murder, leaving it to the petit jury to say of what degree of murder the accused is guilty. Laws 1893, ch. 85; S. v. Ewing, 127 N.C. 555; S. v. Banks, 143 N.C. 656. As pointed out above, this Court has held that the solicitor must send a bill charging murder in the first degree, and the grand jury must so find it, before the solicitor can prosecute the accused for murder in the second degree. S. v.Ewing, supra. Therefore when the solicitor after arraignment decided to ask for a verdict of murder in the second degree only upon the evidence, so far as his fees are concerned he occupied the same position as if he had asked for a conviction for the capital felony and secured one for the second degree only. We can not suppose for a moment that when the Legislature divided the crime of murder into two degrees it intended as a consequence to reduce the solicitor's fees to $4 in case of a conviction for murder in second degree. This would reduce the fee in such cases to a much smaller figure than is allowed in perjury, forgery, counterfeiting, and seven other offenses of much less gravity than homicide, where the fee is fixed at $10. Revisal, 2768.
We think our opinion that the indictment and arraignment constituted a prosecution for a capital felony, although there was a conviction for murder in second degree, is strongly supported by the (481) opinion in Coward v. Commissioners, 137 N.C. 300,49 S.E. 207, where Clark, C. J., says: "The question presented is the liability of the county of Jackson for costs of State's witnesses in S. v. Long, who was indicted in that county for murder, but whose cause was removed to the Superior Court of Macon. After the removal to the latter a nolle prosequi was entered as to murder in the first degree, and the witnesses were subpoenaed to the next term, at which the prisoner was tried for murder in the second degree and convicted of manslaughter. The witnesses for the State were entitled to their mileage and fees in full so long as attending court as witnesses upon the capital charge, including the terms at which the nol. pros. was entered." In that case there was a trial for murder in the second degree only, and yet the witnesses were allowed full fees so long as attending court upon the capital charge.
We take the true intent and meaning of the law is that the solicitor shall receive $20 for a conviction in a capital felony, and where he indicts and arraigns the prisoner for the capital felony, and the jury returns a verdict of murder in second degree or manslaughter, the solicitor is entitled to $10 only.
Error. *Page 390