### STATE v. FRED BROWN.

*Practice—Power of Grand Jury—Record of Finding.*

1. A bill of indictment returned " not a true bill " cannot be reconsidered by the same grand jury, but a new bill may be sent.
2. It is as essential that the finding of a grand jury be recorded as it is the verdict of a petty jury.

(*State* v. *Cox*, 6 Ire., 440, cited and approved.)

INDICTMENT for Larceny tried at April Term, 1879, of NEW HANOVER Criminal Court, before *Meares, J.*

The case states: This bill of indictment was sent to the grand jury at February term, 1879, of said court, and returned with the endorsement "not a true bill," and signed by the foreman. On a subsequent day of the same term the foreman consulted with the state solicitor, and was advised by him that the grand jury had the power to investigate the charge a second time and return another bill against the

defendant if the testimony was sufficient. The foreman then sent for and obtained the bill which had been ignored; three additional witnesses were sworn and sent before the grand jury, who proceeded to investigate the charge a second time; and they returned the bill into court with the word "not" stricken out of the endorsement, but with the same signature of the foreman.

At April term, 1879, the solicitor sent another bill against the defendant upon the same charge which the grand jury ignored.

The defendant's counsel moved to quash the indictment and discharge the defendant, for that,

1. When a grand jury passes upon a bill of indictment and returns it to court endorsed "not a true bill," that is the end of the case so far as the grand jury of that particular term is concerned; and if they possessed the power to consider it a second time, then the foreman should have written his name a second time after striking out the word "not" from the first endorsement.

2. Because another bill had been sent against the defendant at this (April) term upon the same charge and had been ignored.

The court held that the grand jury had the power to correct a clerical error within the proper time, but had no power to investigate the charge a second time upon the facts stated, and gave judgment sustaining the motion to quash, and *Moore*, solicitor for the state, appealed.

*Attorney General*, for the State.

No counsel in this court for defendant.

ASHE, J. The bill of indictment in this case was returned by the grand jury "not a true bill" at the February term, 1879, of the criminal court of New Hanover county. At the instance of the solicitor for the state, the grand jury during

the same term of the court were induced to send for the bill and give it a second consideration, who after examining additional witnesses returned the same bill into court " a true bill," when upon motion of defendant's counsel the bill was quashed by His Honor, and the solicitor appealed to this court.

We are aware that the practice has obtained in some if not all of the districts of the state, when a bill has been presented by the grand jury " a true bill" and has been found to be defective, for the solicitor to amend it and send it back to the jury to be acted upon a second time, and upon its being returned again " a true bill" no objection has been taken to its informality; for the reason, we suppose, that in such a case there is no inconsistency in the second of the findings of the grand jury. But this is a practice which has been rather tolerated by the courts and the legal profession than warranted by strict law. Mr. Justice BLACKSTONE holds that where a bill has been returned not a true bill, or not found, the party is discharged without further answer; but a fresh bill may afterwards be preferred to a subsequent grand jury. 4 Bl. Com., 305. From which it is to be inferred it was his opinion that a new bill for the same offence could not be sent to be acted upon by the same grand jury. But let that be as it may, we are of the opinion that the grand jury, having once acted upon a bill and returned it publicly into court, not a true bill, and a record has been made of its finding, it is a final disposition of that bill.

When the grand jury returns a bill into court it is the duty of the clerk to record the finding of the jury; and this is so essential when the bill is returned " a true bill," the omission in that respect cannot be supplied by the endorsement of the foreman, nor by the recitation in the record that the defendant stands indicted, nor by his arraignment, nor by the plea of not guilty. It cannot be intended that he was indicted; it must be shown by the record of the

finding. The recording of the finding of the grand jury, it is said, is as essential as the recording of the verdict of the petty jury. Arch. Cr. Pl., 98, (Waterman's notes) 2 Hale P. C., 162; *State* v. *Cox,* 6 Ire., 440.

When a bill is presented with the endorsement "not a true bill," and a record is made of the finding, and then the same bill is sent back to be reconsidered by the same grand jury and is returned by them "a true bill," and a record is made of that finding, there is but one bill, as in this case, and the record of the finding is contradictory. In every such case a new bill should be sent. There is no error. Let this be certified to the criminal court of New Hanover county.

PER CURIAM.                                No error.