## STATE v. ROBERT LEDFORD.

(Filed 21 December, 1932.)

**1. Criminal Law L d—Record should contain verdict of the jury.**

The record in a criminal action should contain the verdict of the jury, and under the facts of this case the cause would be remanded for correction of the record, but for the fact that the defendant is entitled to a quashal of the bill of indictment.

**2. Indictment C c—In this case held: defendant's motion to quash for improper proceedings before grand jury should have been allowed.**

Our constitutional requirement that "no person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, . . ." section 12 of the Declaration of Rights, means action by the grand jury according to the practice at common law, and does not permit open hearings before the grand jury, and where the court sends for the grand jury and permits the solicitor to examine a State's witness in open court before the grand jury after the grand jury had returned two identical bills of indictment against the defendant, submitted on successive days, "not a true bill," and thereafter the solicitor submits another identical bill to the grand jury which is returned "a true bill": *Held*, the defendant's verified plea in abatement and motion to quash, made before pleading, should have been allowed, and upon appeal from the court's denial of the motion the judgment will be reversed, with leave to the solicitor to send another bill before a different grand jury, if so advised.

APPEAL by defendant from *Stack, J.,* at April-May Term, 1932, of CLAY.

Criminal prosecution, tried upon indictment in which it is charged the defendant "wilfully and feloniously did kill and slay William Kitchens."

The deceased, a 12-year-old lad, was injured 30 October, 1931, and died nine days thereafter. He was riding home from school in a school bus, when he stepped from the bus and ran in front of the defendant's car and was injured. The evidence is in conflict as to whether the bus had stopped at the time the deceased left it. All agree that the defendant swerved his car into the ditch in order to avoid striking the deceased, who jumped from the bus, either before (according to the defendant) or after (according to the State) it had come to a stop.

Verdict: The minutes of the Superior Court fail to show what verdict was rendered by the jury. (Counsel for defendant say the verdict actually returned by the jury was: "Guilty of manslaughter.")

Judgment: Imprisonment in the State's prison for a term of not less than 18 months nor more than 3 years. (To be suspended upon payment within 10 days of costs and $1,000 to father of deceased.)

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*D. Witherspoon, Gray & Christopher and T. C. Gray for defendant.*

STACY, C. J. As the verdict of the jury was not recorded in the Superior Court, though conceded by counsel for defendant to have been returned "Guilty of manslaughter," it would be necessary to remand the cause for correction of the record (*S. v. Brown, ante,* 513), but for an error, presently appearing, which requires that the bill of indictment be quashed or the action abated. *S. v. Crowder,* 193 N. C., 130, 136 S. E., 337; *S. v. Branch,* 68 N. C., 186.

It appears from the record that on 2 May, 1932, the solicitor sent a bill to the grand jury, in which it was charged the defendant "wilfully and feloniously did kill and slay one William Kitchens." This was returned "Not a true bill."

On the next day, the solicitor sent another bill to the grand jury, identical with the first one, which was likewise returned "Not a true bill."

Thereupon, the court sent for the grand jury, and the solicitor was permitted to examine Neal Rogers, the driver of the bus, in open court, before the grand jury, relative to the charge against the defendant. Counsel for defendant asked permission to cross-examine the witness, which was granted, but he was soon stopped by the court with the statement "a trial before the grand jury" is not desired. The solicitor announced that he would send another bill before the same grand jury, which he did in terms identical with the first two, and this bill was shortly thereafter returned "A true bill."

When the case was called for trial later in the term, the defendant, before pleading, filed verified plea in abatement and motion to quash the indictment for and on account of the proceeding had before the grand jury. These were denied and the defendant ruled to trial.

It is not perceived upon what ground the instant case can be distinguished from *S. v. Branch, supra,* where a similar proceeding before the grand jury was held to invalidate "its finding," because violative of section 12 of the Declaration of Rights: "No person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, presentment or impeachment." Note, "information," which resulted in one of the abuses of the Crown, is purposely omitted from this section. And "by indictment" is meant action by the grand jury according to the practice at common law, and as sanctioned by immemorial usage. This did not permit open hearings before the grand jury. The sessions of the grand jury are to be held inviolate, under the oath of the

foreman, "the State's counsel, your fellows' and your own, you shall keep secret." C. S., 3199.

It is true that in the *Branch case* the court refused to receive the bill which was proposed to be returned "Not a true bill," and the grand jury was directed to consider it further, while here, a new bill was sent to the grand jury, but the difference between the same bill and a new bill is regarded as a distinction without a difference on the facts of the present record. All three of the bills sent to the grand jury in the instant case were identical in character. They were sent at the same term of court and to the same grand jury. Compare *S. v. Harris,* 91 N. C., 658; *S. v. Brown,* 81 N. C., 568.

The plea in abatement should have been sustained. *S. v. Crowder, supra.*

The solicitor will be permitted to send another bill before a different grand jury, if so advised.

Reversed.