## STATE v. DAVID GILLYARD.

(Filed 8 May, 1957.)

**Criminal Law § 52b(6)—**

Where the State's evidence is ample to show defendant's commission of the criminal act as charged in the bill of indictment, the failure of the State to establish that the crime was committed on the very date specified in the indictment does not relieve defendant of criminal responsibility or justify nonsuit, time not being of the essence.

APPEAL by defendant from *Crissman, J.,* 10 September, 1956 Criminal Term GUILFORD Superior Court (Greensboro Division).

Defendant was charged in the bill of indictment with having, on 27 March 1956, committed the crime against nature with Clyde Colson. Three witnesses testified to the commission of the crime—Clyde Colson, a 12-year-old boy on whom the crime was committed, and two other youths, one 15, the other 18, who testified they looked in a window and saw the defendant in the commission of the act. Colson, in response to a question as to what occurred the latter part of March, told of the commission of the crime; on cross-examination he stated the act was committed between Thanksgiving and Christmas; on examination by the court he was unable to correctly name the months of the year. One of the witnesses testified the act was committed in March; he was unable to say whether the first or latter part of the month. The other witness stated the crime was committed the latter part of March but was unable to more accurately fix the date. No witness could fix the day of the week. One witness fixed the hour as "about 3:30," another, "about 3 or 4 o'clock," and the other, "about 4:30."

The jury returned a verdict of guilty as charged, whereupon prison sentence was imposed and defendant appealed.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*Elreta Melton Alexander for defendant appellant.*

PER CURIAM. Defendant's motion to nonsuit and other assignments of error revolve around the failure of the State to establish that the alleged crime was committed on the date specified in the bill of indictment. The failure of the State to establish that the crime was committed on 27 March as alleged in the bill of indictment does not relieve defendant from responsibility for his criminal act. Time was not of the essence. *S. v. Trippe,* 222 N.C. 600, 24 S.E. 2d 340.

No error.