STATE v. ERVIN V. KING.

(Filed 12 January, 1962.)

**1. Indictment and Warrant § 2;    Criminal Law § 121—**

Where an indictment which has been quashed is amended so as to correct the defect therein and is then sent back to the grand jury in its amended form as a separate or new bill and is then returned a true bill, the amended bill is not rendered invalid because of the former quashal, and such procedure will not support a motion in arrest of judgment.

**2. Indictment and Warrant § 17;    Criminal Law § 101—**

The fact that a six-year old child, the victim of the offense charged, is uncertain in his testimony as to the time or particular day the offense charged was committed, goes to the weight of the testimony rather than its admissibility, and nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time when the offense was committed, there being sufficient evidence that defendant committed each essential act of the offense.

**3. Criminal Law § 112—**

While the trial court is not required to state the contentions of the litigants at all, when the court does undertake to state the contentions of one party it must also give equal pertinent contentions of the opposing party.

**4. Same; Criminal Law § 108—**

While the statement of contentions by the court will not be held for error as containing an expression of opinion on the evidence merely because the court necessarily takes more time in stating the contentions of one party than the other, when the court gives the State's contentions in detail and then points out the evidence which the State contends supported its contentions, but gives the defendant's contentions only in brief, general terms and completely ignores the defendant's evidence upon which defendant's contentions were based, defendant's exception to the charge must be sustained. G.S. 1-180.

APPEAL by defendant from *Williams, J.,* August Criminal Term 1961 of ALAMANCE.

This is a criminal prosecution on a bill of indictment charging the defendant with having on 2 February 1961 committed the abominable and detestable crime against nature by forcing Tommy Dawson, a six-year-old child, to have unnatural sexual relations with him. (Details of the alleged act are not essential to a disposition of this appeal.)

The defendant entered a plea of not guilty. The State introduced evidence tending to show that the defendant committed the alleged crime. The child's statements made prior to the trial to his grandmother and to the officers who testified in behalf of the State, varied substantially as to where and when the alleged crime took place.

The defendant testified in his own behalf and denied that he had ever mistreated his stepson in the manner alleged or otherwise. Testimony was offered by the defendant tending to show that the child involved was living with his grandmother who was hostile towards her son-in-law, the defendant; that she had been trying to get her daughter to leave the defendant.

Defendant moved for judgment as of nonsuit at the close of the State's evidence and renewed the motion at the close of all the evidence. Motion denied. The jury returned a verdict of guilty as charged. The court gave the defendant a sentence of not less than twenty nor more than twenty-five years in the State's prison at hard labor.

From the judgment imposed the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General G. A. Jones, Jr., for the State.*

*Clarence Ross; Dalton, Long & Latham for defendant.*

DENNY, J. The defendant assigns as error the refusal of the court below to quash the bill of indictment on the grounds hereinafter discussed.

It appears that at the March Term 1961 of the Superior Court of

Alamance County a typewritten bill was sent to the grand jury charging that the defendant unlawfully, wilfully, and feloniously did commit the abominable and detestable crime against nature. A true bill was returned by the grand jury. The bill was quashed during the course of the defendant's trial at the March Term 1961. It is admitted that such bill of indictment would not have supported a verdict in the form submitted and returned. Later, the word "March" in the bill was stricken out and the word "May" inserted in lieu thereof by hand. There was also added in handwriting to the bill a description of the nature of the crime alleged. This bill on its face purports to have been returned by the grand jury as a true bill at the May Term 1961 of the Superior Court of Alamance County. It is without defect with respect to form and content as to the crime charged.

The court below heard the motion to quash. The minutes for the May Criminal Term 1961 of the Superior Court of Alamance County were introduced in evidence, and the secretary of the grand jury, at the March and May Terms 1961, was sworn and testified that, the bill as amended was sent to the grand jury at the May Term 1961 as a separate bill; that it had a new number on it, and that it was considered by the grand jury and returned to the court as a true bill, although no entry was actually made on the bill noting its return in open court. The court below held that the failure to make such notation on the bill did not affect its validity. The court found as a fact: "(T)hat the bill was presented at the March 1961 Term, withdrawn and subsequently presented to the succeeding May 1961 Term for the trial of criminal cases and for consideration, and after hearing evidence the Grand Jury acted on it and returned a True Bill as it now appears in the record."

The foregoing finding is supported by competent evidence. Even so, the defendant contends that when the bill was quashed it became a nullity and could not be made valid by amendment. It would perhaps have been better to have sent a new bill to the grand jury. But when a quashed bill is amended so as to cure the defect therein and is sent back to the grand jury in its amended form as a separate or new bill and the grand jury acts upon it as it would upon a new bill and returns it as a true bill, it may not be quashed because of the procedure followed.

This Court has held that where "the grand jury, having once acted upon a bill and returned it publicly into Court not a true bill, and a record has been made of its finding, it is a final disposition of that bill." S. v. Brown, 81 N.C. 568; S. v. Ewing, 127 N.C. 555, 37 S.E. 332; S. v. Ledford, 203 N.C. 724, 166 S.E. 917

It was further said in S. v. Brown, supra: "We are aware that the

practice has obtained in some, if not all, of the districts of the State, when a bill has been presented by the grand jury 'A true bill,' and has been found to be defective, for the Solicitor to amend it and send it back to the jury to be acted upon a second time, and upon its being returned again 'A true bill,' no objection has been taken to its informality; for the reason, we suppose, that in such a case there is no inconsistence in the record of the findings of the grand jury. * * *"

This assignment of error is overruled as well as the motion in arrest of judgment interposed in this Court.

The defendant assigns as error the refusal of the court below to allow his motion for judgment as of nonsuit, interposed at the close of the State's evidence and renewed at the close of all the evidence.

The defendant contends that his motion should have been granted, not because of variance between the date laid in the indictment and some other date shown by the evidence, but he contends that the State's evidence fails to fix any definite time at all tending to show when the alleged crime was committed. It must be conceded that the evidence of Tommy Dawson was vague as to the time the alleged crime was committed by the defendant. We think, however, the vagueness of this child's testimony goes to its weight rather than to its admissibility. Upon consideration of all the State's evidence, we have concluded that it was sufficient to withstand the motion for judgment as of nonsuit. This assignment of error is likewise overruled.

The defendant's most serious assignment of error is to the failure of the court below to give equal stress to the contentions of the State and the defendant as required by G.S. 1-180.

We have repeatedly held that a trial judge is not required by law to state the contentions of the litigants to the jury. *S. v. Kluckhohn*, 243 N.C. 306, 90 S.E. 2d 768; *Brannon v. Ellis*, 240 N.C. 81, 81 S.E. 2d 196; *S. v. Colson*, 222 N.C. 28, 21 S.E. 2d 808; *Trust Co. v. Ins. Co.*, 204 N.C. 282, 167 S.E. 854. When, however, a judge undertakes to state the contentions of one party, he must also give the equally pertinent contentions of the opposing party. *S. v. Colson, supra.*

The equal stress which the statute requires to be given to contentions of the State and the defendant in a criminal action does not mean that the statement of the contentions of the State and of the defendant must be equal in length. *S. v. Jessup*, 219 N.C. 620, 14 S.E. 2d 668. For instance, in a trial where the evidence for the defendant is short, or where he may have chosen not to offer any evidence at all, his contentions will naturally be very few in contrast with those of the State where it may have introduced a great volume of testimony. *Brannon v. Ellis*, supra.

In the charge under consideration, the court below not only gave an

exhaustive array of the State's evidence, but gave the State's contentions in detail and then pointed out the evidence which the State contended supported its contentions. On the other hand, the court gave the defendant's contentions in very brief, general terms, consisting of only three short sentences which in no sense were based on the defendant's evidence, but as though the defendant had offered no evidence at all. The pertinent contentions arising from the defendant's evidence were completely ignored. Such a charge does not meet the requirements of G.S. 1-180 as interpreted and applied in our decisions. *S. v. Kluckhohn, supra.*

The defendant is entitled to a new trial and it is so ordered.

There are many other assignments of error, some of which are not without merit. However, since these may not recur upon another trial, we deem it unnecessary to discuss them.

New trial.