## STATE v. ERVIN V. KING.

(Filed 11 January 1963.)

**Criminal Law § 101—**

　　Testimony that a witness for the State had made statements prior to the trial at variance in certain respects with the testimony of the witness, does not justify nonsuit, since such conflicts and discrepancies bear only upon the credibility of the witness and to the weight the jury should give his testimony.

APPEAL by defendant from *Carr, J.,* June 1962 Criminal Term of ALAMANCE.

Criminal prosecution on bill of indictment charging that defendant, on February 2, 1961, unlawfully, wilfully, and feloniously committed the abominable and detestable crime against nature by forcing Tommy Dawson, a six-year-old child, to have unnatural sexual relations with him in the manner set forth in said bill.

Defendant pleaded not guilty. Upon trial, evidence was offered by the State and by defendant; and the jury returned a verdict of "Guilty as Charged in the Bill of Indictment." Judgment, that defendant be imprisoned "for not less than twelve or more than fifteen years," was pronounced. Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*Ross & Wood and Dalton, Long & Latham for defendant appellant.*

PER CURIAM. Defendant was first tried and convicted at August Criminal Term, 1961; but, upon his appeal from the judgment of imprisonment then pronounced, this Court awarded a new trial. *S. v. King,* 256 N.C. 236, 123 S.E. 2d 486.

The State's evidence consists principally of the testimony of Tommy Dawson, the alleged victim, and of witnesses whose testimony (offered for the purpose of corroboration) relates to statements made by Tommy Dawson prior to defendant's arrest. According to the testimony of these witnesses, there were, in certain respects, conflicts and discrepancies between Tommy Dawson's prior statements and his testimony at trial. However, such conflicts and discrepancies go to the credibility of Tommy Dawson and to the weight, if any, the jury should give his testimony.

The evidence, when considered in the light most favorable to the State, was sufficient to require submission to the jury and to support the verdict; and careful consideration of each of defendant's assignments of error fails to disclose any error of law for which a new trial

should be awarded. The determinative issue was one of fact; and, after a trial free from prejudicial error, the jury, upon conflicting evidence, resolved the crucial issue against defendant.

No error.