State v. Harris

STATE OF NORTH CAROLINA v. TOMMIE LEE HARRIS

No. 7512SC631

(Filed 17 December 1975)

1. Criminal Law § 118— instructions — equal emphasis to defendant's evidence

The trial court did not fail to give equal emphasis to defendant's evidence when it summarized the evidence of each of the State's witnesses but did not summarize the evidence of each defense witness where the court fairly summarized the evidence presented by defendant.

2. Criminal Law § 113— instructions on alibi

The trial court in an armed robbery case correctly instructed the jury on the law of alibi and properly applied the law to defendant's evidence.

APPEAL by defendant from *Hobgood, Judge.* Judgments entered 28 February 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 12 November 1975.

Defendant was charged with two counts of armed robbery. The State's evidence tends to show that defendant and two others entered Walter Guy Jewelers, tied up Walter Guy and Mary Howell, an employee, and robbed them at gunpoint of property worth $75,000.

A witness saw a group of men run from the jewelry store carrying a pillow case, enter a green car with a dark top and speed away. Defendant's fingerprints were found on a green car with a black top in which was found various items of stolen jewelry.

Both Walter Guy and Mary Howell identified defendant as one of the men who robbed them.

Evidence for the State further tends to show that defendant and his companions approached Gasford and Mamie Kayouk-

luk in the backyard of the Kayoukluk's home, took Mamie Kayoukluk's pocketbook containing $300, and then drove off with the Kayoukluk's car. Both Mr. and Mrs. Kayoukluk testified that defendant held a gun on them while the other two stole their money and car.

Defendant offered the testimony of an assistant public defender who testified that Walter Guy's identification of defendant at a lineup was uncertain, and that both Guy and Mary Howell had an opportunity to observe defendant in the courtroom during preliminary hearing.

Rev. Charles Kirk testified that defendant was with him during the time of the robberies, and four other witnesses stated that they saw defendant with Rev. Kirk during the time period in question. Defendant also testified that he was with Rev. Kirk during the time of the robberies.

From verdicts of guilty in both cases and judgments imposing prison sentences defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney T. Lawrence Pollard, for the State.*

*Doran J. Berry for defendant appellant.*

ARNOLD, Judge.

[1]  Defendant contends that the trial court failed to give equal emphasis to his evidence and contentions. We disagree.

In support of his contention defendant argues that the court summarized the evidence of each of the State's witnesses but did not summarize the evidence of each defense witness. The court fairly summarized defendant's evidence and we fail to see that unequal emphasis was given defendant's evidence because the testimony of each individual witness was not summarized in detail.

The equal stress which is required to be given to the contentions of the State and the defendant does not mean that the statement of the contentions of each must be equal in length. *State v. King,* 256 N.C. 236, 123 S.E. 2d 486 (1962).

In *State v. King, supra,* the defendant's contentions as stated by the court were in general, brief terms of only three sentences, and not based on defendant's evidence at all. The

State correctly distinguishes *State v. King, supra,* from the case at bar where defendant's contention of alibi was adequately and specifically stated and based upon defendant's evidence.

[2]    Defendant testified that he was somewhere else at the time of the robberies. His witnesses testified in support of his alibi. It is argued by defendant that the judge's charge did not apply the law to his evidence. The court charged, relating to alibi, as follows:

> "Now, Members of the Jury, the defendant has offered evidence of several witnesses in his defense in that he has offered evidence of several witnesses by way of an alibi. And I will now instruct you in reference to that. He contends that he is not guilty. And he further contends and has offered evidence that he was in another series of places right before and during the time of and right after the alleged robbery which was alleged to have taken place at the Guy Jewelers, Inc., and the alleged robbery of the car which was alleged to take place at Mr. and Mrs. Kayoukluk's home. Now this type of evidence is what is known as an alibi. The word alibi simply means somewhere else, and he was somewhere else and therefore he could not be guilty. . . . The burden of proof with the alibi does not rest upon the defendant. To establish the defendant's guilt, the State must prove beyond a reasonable doubt that the defendant was present at and participated in these armed robberies, or either one, as you might find the case to be."

After reviewing defendant's evidence which tended to show alibi, and stating defendant's contention, the court correctly instructed the jury on the law of alibi and applied the law to defendant's evidence so that the jury could clearly understand its significance in this case. *State v. Lovedahl,* 2. N.C. App. 513, 163 S.E. 2d 413 (1968).

In addition to the already quoted portion of its charge the court pointed out that defendant's "defense is that he was not there. He has never been to the Westwood Shopping Center, never been to Mrs. Kayoukluk's yard, that he's never stole any jewelry on any occasion and specifically the 2nd of October, from Guy's Jewelers, Inc., at Westwood Shopping Center, and he has not from Mrs. Kayoukluk's yard, by armed robbery, taken this car, simply because he was not there. He knows nothing about it and he was elsewhere, and his contention is

that he has shown that fact to you from the evidence of his witnesses."

A review of the entire charge indicates that the court properly applied the law to defendant's evidence and gave equal emphasis to his evidence and contentions.

We can find no prejudicial error in the trial.

No error.

Judges BRITT and VAUGHN concur.