State v. Summitt

---

---

STATE OF NORTH CAROLINA v. MARK SUMMITT

No. 7927SC877

(Filed 4 March 1980)

1. Rape § 11— rapes of eleven year old niece—sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution of defendant for first degree rape of his eleven year old niece on 24 March 1978 and second degree rape of the niece on 28 July 1978.

2. Rape § 11.1— first degree rape of eleven year old child—instructions on second degree rape—question of whether victim was virtuous

Although the evidence in a first degree rape case tended to show that defendant unlawfully and carnally abused a virtuous female child under the

age of twelve and that defendant was more than sixteen years of age, the trial court did not err in instructing the jury on second degree rape where there was some evidence, though slight, which would permit an inference that the victim was not a virtuous child. Furthermore, any error in instructing on second degree rape was favorable to defendant and not a ground for affording him relief.

**3. Rape § 11— rape of eleven year old child—failure to prove specific time alleged**

In a prosecution for rape of an eleven year old child, failure of the State to prove the crime was committed on the specific date given in the indictment was not fatal where defendant did not rely on the defense of alibi and the victim was under the age of twelve at the time given for the offense.

**4. Rape § 10— evidence corroborating prosecutrix**

In a prosecution for rape of an eleven year old child on two occasions, testimony by the State's rebuttal witness that the victim had told her that defendant had had sex with her was properly admitted to corroborate the victim's testimony and did not constitute evidence of a new accusation of rape which was without a time frame where there was no indication that the testimony was about anything other than the crimes for which defendant was charged.

APPEAL by defendant from *Burroughs, Judge.* Judgment entered 29 May 1979 in Superior Court, GASTON County. Heard in the Court of Appeals 7 February 1980.

Defendant was charged with two counts of rape. The first charged him with the second degree rape of his niece on or about 28 July 1978. The second charged him with the first degree rape of the same niece on or about 24 March 1978. The charges were consolidated for trial on a plea of not guilty to both counts.

The State presented evidence which tended to show the following. On the Friday before Easter in 1978, defendant came to the home of the prosecuting witness and took her to his home. They were to go with defendant's wife to buy an Easter dress for the prosecuting witness. His wife was not yet home. Defendant called the prosecuting witness to the bedroom and had sexual intercourse with her. The prosecuting witness was eleven years old having been born on 18 November 1966, and testified she had never had sexual intercourse before this act. Defendant was twenty-nine years old. The prosecuting witness also testified that in the summer of 1978, defendant came to her home and picked her and her brother up and took them to his house trailer. When they got there, he gave her younger brother some cigarettes and

told him to watch television while he packed in the bedroom. The brother was to call if anyone came to the door or the phone rang. Defendant then took the prosecuting witness to the bedroom and had intercourse with her. The brother testified he came back to the bedroom when the phone rang and saw defendant pull up and buckle his trousers. The prosecuting witness testified about other occasions where defendant felt of her body. She further testified she was afraid to tell her mother of these events.

She finally told her mother some of these things in March, 1979 and later told police officers of all the actions of defendant. A medical examination in March, 1979 revealed the prosecuting witness was not a virgin.

Defendant's evidence tended to show the following. He denied ever having sex with his niece. On 28 July 1978, the date the State charged he raped his niece in the summer, he was in another city. Concerning the week before Easter, defendant offered evidence that he and his wife picked up the prosecuting witness at her home and took her to buy an Easter dress and that she spent the weekend with them along with a female friend with whom the prosecuting witness slept. Defendant offered numerous witnesses on his good character and reputation.

The jury found defendant not guilty of the July charge but convicted him of the lesser included offense of second degree rape on the March charge. Defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch, for the State.*

*Frank Patton Cooke and James R. Carpenter, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's motion for nonsuit was properly denied. While there were some inconsistencies in the evidence for the State, the evidence and the inferences therefrom were sufficient to take the case to the jury on the charged crimes. *State v. Bell,* 285 N.C. 746, 208 S.E. 2d 506 (1974).

[2]   Defendant assigned error in the charge of the trial court on the lesser included offenses of second degree rape, assault with intent to commit rape and assault on a female. His argument on appeal is limited only to the charge on second degree rape. The rape statute then in effect provided:

Every person who ravishes and carnally knows any female of the age of 12 years or more by force and against her will, or who unlawfully and carnally abuses any female child under the age of 12 years, shall be guilty of rape, and upon conviction, shall be punished as follows:

(1)  First-Degree Rape —

    a.  If the person guilty of rape is more than 16 years of age, and the rape victim is a virtuous female child under the age of 12 years, the punishment shall be death; or

    b.  If the person guilty of rape is more than 16 years of age, and the rape victim had her resistance overcome or her submission procured by the use of a deadly weapon, or by the infliction of serious bodily injury to her, the punishment shall be death.

(2)  Second-Degree Rape — Any other offense of rape defined in this section shall be a lesser-included offense of rape in the first degree and shall be punished by imprisonment in the State's prison for life, or for a term of years, in the discretion of the court.

G.S. 14-21 (repealed effective 1 January 1980). Prior to 1973 when the above quoted statute was adopted, there was no division of the crime of rape into first and second degrees. The legislative purpose of dividing the crime of rape into degrees was to reduce the mandatory sentence of death upon all convicted rapists. The 1973 revision did not reconstitute or redefine the crime of rape. *State v. Davis*, 291 N.C. 1, 229 S.E. 2d 285 (1976). Defendant contends the court should have charged only on G.S. 14-21(1)a and not G.S. 14-21(2). The evidence did tend to show that defendant unlawfully and carnally abused a female child under the age of twelve and that defendant was more than sixteen years of age and that the victim was a virtuous child under the age of twelve. This would be a violation of G.S. 14-21(1)a. The evidence on the

age of defendant and the victim is not in conflict. However, there was some inference from the evidence, though slight, that the victim was not a virtuous child under the age of twelve. If the child carnally and unlawfully known by a defendant is not virtuous, the crime would be second degree rape. G.S. 14-21(2). The General Assembly certainly did not want to make such an action against a child, even though unvirtuous, a noncriminal act. It was thus made second degree rape. Force and will of the victim when the victim is a child under the age of twelve have nothing to do with the crime. A child of such age is presumed incapable of consent. *State v. Cox*, 280 N.C. 689, 187 S.E. 2d 1 (1972). To argue against the instruction on second degree rape, defendant must argue the victim was clearly and without conflict on the evidence within the age proscription *and* was virtuous. Then, the error in the instruction would be to the benefit and favor of defendant and not, therefore, a ground for relief. *See State v. Hall*, 293 N.C. 559, 238 S.E. 2d 473 (1977).

[3] In this case defendant was charged with two rapes, one on or about 24 March 1978 and one on or about 28 July 1978. It was the former charge on which defendant was convicted of second degree rape. Of the latter, he was found not guilty. The prosecuting witness could not remember the exact dates of the rapes but instead related one to the purchase of an Easter dress and the other to the summer before school started. The dates in the warrants and indictments were created by the district attorney. Time for the charged offenses is not of the essence in this case as long as the time given for the offense is not at a time when the prosecuting victim is not under the age of twelve. Failure of the State to prove the crime was committed on the very date given in the indictment is not fatal to the case against the defendant and does not entitle him to nonsuit. *State v. King*, 256 N.C. 236, 123 S.E. 2d 486 (1962); *State v. Gillyard*, 246 N.C. 217, 97 S.E. 2d 890 (1957). An exception to this rule results where the defense is one of alibi. In such a case, where alibi is used, the State cannot reopen the case and introduce evidence that the offense was committed on another date. *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396 (1961). The trial judge recognized this rule of law and its exception. In his instruction, he recognized the defendant's evidence of alibi to the 28 July charge of rape and held the State to prove that offense occurred on 28 July or 29 July. This was proper. No

alibi was offered for the 28 March defense. Rather, defendant's evidence tended to show that on or about that date, he was with the prosecuting witness but that someone else was also always with them. The trial judge properly instructed on the facts and circumstances arising from this case.

[4] After the defense rested, the State put on rebuttal evidence. Linda Harris was called as a witness and testified, in part, that in November or December, 1978, the prosecuting witness told her defendant had had sex with her. This corroborated the testimony of the prosecuting witness and a limiting instruction to that effect was given. Defendant now argues that this introduced evidence of another new accusation of rape that was without a time frame reference. The testimony did not rebut any alibi of defendant. There is no indication from the testimony that it was about anything other than the crimes of which defendant was then charged. The limiting instruction on corroboration properly placed the testimony in context for the jury.

No error.

Judges HEDRICK and CLARK concur.