STATE v. QUARG

[106 N.C. App. 106 (1992)]

the plaintiff's contributions to the defendant's degree did not warrant an unequal distribution of the marital assets.

———————

STATE OF NORTH CAROLINA v. THOMAS FRANCIS QUARG, DEFENDANT

No. 911SC429

(Filed 21 April 1992)

1. **Evidence and Witnesses § 2185 (NCI4th)— testimony ruled inadmissible — door not opened by cross-examination — redirect testimony improper**

    In a prosecution for taking indecent liberties with a child in which the trial court ruled that a social worker's testimony concerning four treatment sessions with the child was inadmissible for failure to comply with discovery, defendant's cross-examination of the witness did not cover new matter so as to permit the witness to state on redirect his opinion derived from these sessions that the child suffered from post traumatic stress disorder (PTSD).

    **Am Jur 2d, Trial § 419.**

2. **Evidence and Witnesses § 2342 (NCI4th) — indecent liberties — victim suffering from PTSD — necessity for limiting instruction**

    The trial court erred in admitting expert testimony that an alleged indecent liberties victim suffered from PTSD without an instruction that this testimony could be considered for corroborative purposes and not as substantive evidence that sexual abuse had occurred. Furthermore, the admission of this testimony was prejudicial error where the chief witness against defendant was the child victim, there was no physical evidence of abuse, and the State's case depended heavily on witnesses who corroborated the victim's statements.

    **Am Jur 2d, Expert .and Opinion Evidence § 197; Infants §§ 16, 17.5.**

3. **Rape and Allied Offenses § 19 (NCI3d)— indecent liberties — dates of offenses — sufficiency of evidence**

    A seven-year-old indecent liberties victim's uncertainty of the dates on which the alleged offenses occurred went only to the weight of her testimony and did not require dismissal

STATE v. QUARG

[106 N.C. App. 106 (1992)]

of the charges for insufficient evidence where the indictments charged defendant with taking indecent liberties with the child "on or about" five specific dates between 18 December 1989 and 6 January 1990; the evidence showed that the first act occurred about a week before Christmas and the last act occurred on 6 January; the victim's testimony was sufficient to show each element of the offense on five different occasions; and defendant did not rely on dates in the indictments to raise an alibi defense.

**Am Jur 2d, Infants §§ 16, 17.5; Rape § 68.5.**

APPEAL by defendant from judgment entered 11 January 1991 by *Judge Herbert W. Small* in DARE County Superior Court. Heard in the Court of Appeals 10 February 1992.

Defendant was indicted on five counts of taking indecent liberties with a seven year old child and was convicted on all five counts.

The evidence at trial tended to show the following. The victim, whom we will call S. W., lived with her mother and father in a trailer located behind the store they operated. On the back side of the store and attached to it was a garage. A door at the back of the store opened into the garage. Defendant leased the garage and worked there as an auto mechanic. On 6 January 1990, while S. W.'s mother was talking on the phone in the store, the defendant called S. W. into the garage and closed and locked the door behind her. When S. W. returned to the store, her mother noticed that she was hanging her head and twisting her hands. In response to her mother's question if anything was wrong, she said that defendant had asked her if she knew about sex. She also related that on several occasions defendant had put her up on the counter of his shop and had placed his hands up her skirt and had touched her on her private parts underneath her panties. S. W. testified that this touching occurred on five separate occasions and that she did not tell her parents of this because defendant threatened that if she did he would hurt her father and take her away.

S. W.'s mother testified that in the early morning hours of 7 January, defendant came to their trailer and offered them money saying "Jerry [S. W.'s father], let this make things right. Let us be friends again. This is $1,200. Please just let this make things right."

Mr. Braun, a social worker, was tendered by the State as an expert in child sexual abuse. Mr. Braun testified that he had treated S. W. over a several month period beginning in August 1990 and that she exhibited the symptoms of post traumatic stress disorder and adjustment disorder.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Angelina M. Maletto, for the State.*

*Aycock, Spence & Butler, by W. Mark Spence, for defendant-appellant.*

JOHNSON, Judge.

Defendant contends that the trial court erred in (I) allowing certain hearsay testimony which did not corroborate the victim's testimony, (II) allowing into evidence certain statements made by the defendant which were not disclosed to the defense prior to trial, (III) allowing certain expert testimony which was not disclosed prior to trial, and (IV) denying defendant's motion to dismiss for insufficiency of the evidence. We find reversible error in the testimony of the sexual abuse expert and award defendant a new trial. Because defendant's first two assignments of error relate to circumstances not likely to reoccur at the new trial, we discuss only defendant's third and fourth assignments.

I.

[1] In his third Assignment of Error, defendant contends that the trial court erred in allowing opinion testimony of a social worker which was not disclosed in response to his discovery request. We agree.

Mr. Braun, a social worker, examined S. W. on 6 August and again on 13 August 1990. Following the second interview, he wrote a two page "Screening/Admission Assessment" report which included the "provisional diagnosis" of "adjustment disorder with mixed emotional features" and "post traumatic stress disorder" (PTSD). The State received this initial report but had in its possession no other material pertaining to information received or diagnosis made by Braun in the three or four subsequent treatment sessions with S. W. Defendant received a copy of Braun's initial report on 12 December 1990 but was unaware of any subsequent sessions between S. W. and Mr. Braun or of any final diagnosis and received no other material from the State.

STATE v. QUARG

[106 N.C. App. 106 (1992)]

At trial, the State tendered Braun as an expert in child sexual abuse. He was allowed to testify from memory after having reviewed his entire file prior to trial. On *voir dire*, Braun testified that he had seen S. W. for a brief screening visit and for a longer admission assessment visit, the report of these two meetings being the report given by the State to defendant. Braun also testified that he subsequently saw S. W. three or four more times. On *voir dire*, it was determined that he had produced no final written report from these sessions and had not brought his notes concerning these sessions to trial. Defendant objected to the admission of Braun's testimony on the grounds that defendant had received only the initial report containing the provisional diagnosis and nothing else. The trial judge held that in the absence of a final written report, the notes that Braun had made during the subsequent three or four treatment interviews comprised the final report and since they had not been made available to defendant nor could they be obtained in a timely manner during the course of the trial, he sustained defendant's objection and ruled Braun's testimony inadmissible.

Following the trial court's ruling, defendant cross-examined Braun as to a statement S. W. made to him on 13 August 1990. This statement was in Braun's initial report and he had testified on direct concerning this statement. Braun was then allowed to testify on redirect, over repeated objections, that in his opinion S. W. suffered from PTSD.

Defendant contends that the trial court having ruled Braun's testimony inadmissible, it was error to admit his opinion testimony later over objection. The State argues that defendant "opened the door" in his cross-examination, making the opinion testimony admissible.

"After a witness has been cross-examined, the calling party may again examine him to clarify the subject matter of the direct examination and deal with new matter elicited on cross-examination. Counsel, on redirect, is not entitled either to have the direct testimony repeated or to bring out entirely new matter." 1 *Brandis on North Carolina Evidence* § 36 (3rd ed. and 1991 Supp.). The calling party is entitled to examine, on redirect, new matters which may have been brought out on cross-examination. *State v. Weeks*, 322 N.C. 152, 168, 367 S.E.2d 895, 905 (1988) (contents of defendant's medical records not discussed either on direct or on cross thus

no testimony for which a clarification was needed and State's objection to defendant's redirect examination was properly sustained); *State v. Moore*, 103 N.C. App. 87, 95, 404 S.E.2d 695, 700, *disc. rev. denied*, 330 N.C. 122, 409 S.E.2d 607 (1991) (where evidence of bias is elicited on cross-examination, the witness on redirect is entitled to explain even though this evidence may not have been competent on direct).

We find from a review of the transcript that the testimony ruled inadmissible concerned the treatment sessions subsequent to the first two meetings which were the subject of the initial report. Defendant did not open the door during his cross-examination so as to bring Braun's opinion testimony derived from these sessions within the proper bounds of redirect examination. Defendant's cross-examination was limited to a few questions concerning a specific statement S. W. made to Braun and about which Braun had testified on direct. This questioning did not cover new matter so as to allow the State on redirect to question Braun about his diagnosis of PTSD. The admission of Braun's opinion testimony regarding his final diagnosis, after having been held inadmissible for failure to comply with discovery, was error.

[2]   We further find that the admission of Braun's opinion testimony on PTSD was error in that it was admitted without proper limiting instructions. In *State v. Hall*, 330 N.C. 808, 412 S.E.2d 883 (1992), our Supreme Court specified three requirements that must be met before testimony on PTSD and closely related conditions, specifically rape trauma syndrome and conversion reaction, may be used in a sex abuse or rape case. First, the trial judge must find the testimony admissible under Evidence Rule 403 and helpful to the jury under Evidence Rule 702. Secondly, the testifying expert must be tendered and accepted by the court as an expert in the relevant field. Thirdly, the jury must be properly instructed on the limited use to which the testimony may be put. Expert testimony that the victim suffers from these disorders or shows symptoms consistent with these disorders may not be used substantively to prove that a rape or sexual offense did in fact occur. *Id.* This testimony is, however, properly admissible for purposes of "corroborating the victim's story, or it may help to explain delays in reporting the crime or to refute the defense of consent." *Id.* at 822, 412 S.E.2d at 891. As stated in *Hall*, in determining whether this evidence is admissible,

STATE v. QUARG

[106 N.C. App. 106 (1992)]

[t]he trial court should balance the probative value of evidence of post-traumatic stress, or rape trauma, syndrome against its prejudicial impact under Evidence Rule 403. It should also determine whether admission of this evidence would be helpful to the trier of fact under Evidence Rule 702. If the trial court is satisfied that these criteria have been met on the facts of the particular case, then the evidence may be admitted for the purposes of corroboration. *If admitted, the trial judge should take pains to explain to the jurors the limited uses for which the evidence is admitted. In no case may the evidence be admitted substantively for the sole purpose of proving that a rape or sexual abuse has in fact occurred.* (Emphasis added.)

*Hall,* 330 N.C. at 822, 412 S.E.2d at 891. *See also, State v. Kennedy,* 320 N.C. 20, 357 S.E.2d 359 (1987) ("profile" evidence).

In the case *sub judice,* Braun testified over objection that during the initial assessment interview S. W. told him that she feared defendant, that he had made threats to harm her and her family, that she had trouble sleeping and had nightmares about her father being abducted and hurt, that she was afraid to play outside and go to school. Following a bench conference, the trial judge gave the following limiting instruction:

Members of the Jury, the testimony that is being elicited from this witness at this time about the symptoms that the witness, [S. W.], gave to him and that she was experiencing and was the purpose of the treatment is offered not to prove the truth of the matters stated in those symptoms, but to show the basis of the treatment that the witness administered to his patient.

Braun then testified that S. W. suffered from PTSD and described the symptomatology of the disorder. He further related the characteristics of PTSD to S. W.'s behavior.

We find that this limiting instruction is insufficient to notify the jurors that Braun's testimony could be used only to corroborate the victim's testimony and not as substantive evidence that sexual abuse had occurred. Because the testimony was not properly limited, its prejudicial impact outweighs its probative value and pursuant to Rule 403 it should not have been admitted. *Hall,* 330 N.C. 808, 412 S.E.2d 883; *State v. Huang,* 99 N.C. App. 658, 394 S.E.2d 279, *disc. rev. denied,* 327° N.C. 639, 399 S.E.2d 127 (1990).

The erroneous admission of this evidence does not of itself require a new trial. The question is whether there is a reasonable possibility that had this error not been committed, a different result would have been reached at trial. N.C. Gen. Stat. § 15A-1443(a). We conclude that a new trial is required.

The chief witness against defendant was the victim. There was no physical evidence of abuse. There were no eye witnesses other than the victim. The State's case depended heavily on witnesses who corroborated the victim's statements. The effect of Braun's testimony would have been to allow the jury to infer that in fact the abuse had occurred, when the only direct evidence of it was the victim's statements.

Under these facts, we believe there is a reasonable possibility that had Braun's testimony not been admitted, a different result would have been reached at trial.

## II.

[3] By his fourth Assignment of Error, defendant contends that the trial court erred in denying his motion to dismiss for insufficiency of the evidence. Defendant argues only that the State's evidence as to the dates upon which the first four offenses occurred is insufficient because the victim did not testify as to the date or approximate date of these offenses. We disagree.

Defendant was indicted on five counts of taking indecent liberties with a minor. The indictments on the first four counts all read "that on or about the [18th, 27th, 28th, 30th day of December] 1989" the defendant took indecent liberties with the victim.

At trial, the victim testified that the first time it happened was before Christmas, "it wasn't a long time, but it wasn't a short time [before Christmas]." The second time was before Christmas but the victim couldn't say how long before Christmas and didn't remember whether she was still in school or on Christmas vacation. As to the third time it happened, the victim could not remember whether it was before or after Christmas or how many days after the second time it was, but that it happened in 1989. As to the fourth incident, the victim testified that she could not remember whether it was still in 1989 or after the first of the new year. As to the fifth incident, the victim could not say whether it was still 1989 or whether the new year had begun, but that after she left the garage and went into the store, she told her mother that

defendant had asked her whether she knew about sex. Her mother testified that this occurred on 6 January 1990.

Susan Pearson, a nurse who interviewed S. W. on 7 January, quoted her as saying that the first incident occurred a week before Christmas. Deputy Suggs, who interviewed S. W. on 7 January and again on 3 February, testified to statements made to him indicating that the first four incidents occurred on or about the 18th, 27th, 28th, and 30th of December. The testimony of both Pearson and Suggs was admitted for the limited purpose of corroborating the victim's testimony.

In *State v. Hicks*, 319 N.C. 84, 352 S.E.2d 424 (1987), our Supreme Court stated:

This Court has repeatedly noted that 'a child's uncertainty as to the time or particular day the offense charged was committed' shall not be grounds for nonsuit 'where there is sufficient evidence that the defendant committed each essential act of the offense.' (Citations omitted.)

*Hicks*, 319 N.C. at 91, 352 S.E.2d at 428, *citing State v. Effler*, 309 N.C. 742, 749, 309 S.E.2d 203, 207 (1983); *State v. Swann*, 322 N.C. 666, 370 S.E.2d 533 (1988); *State v. Hardy*, 104 N.C. App. 226, 409 S.E.2d 96 (1991). A child's uncertainty as to the time that the offense occurred goes to its weight and not its admissibility. *State v. King*, 256 N.C. 236, 123 S.E.2d 486 (1962); *State v. Tessnear*, 254 N.C. 211, 118 S.E.2d 393 (1961).

In the case *sub judice*, the indictments charged defendant with taking indecent liberties with a minor "on or about" five specific dates between 18 December 1989 and 6 January 1990. The evidence at trial showed that the first act occurred about a week before Christmas and the last occurred on 6 January. Although the victim could not testify as to any specific date, her testimony was sufficient to show each element of the offense on five different occasions. Thus, her lack of specificity goes to the weight of her testimony and is not grounds for dismissal. *King*, 256 N.C. 236, 123 S.E.2d 486.

Defendant argues that under the holding in *State v. Whittemore*, 255 N.C. 583, 122 S.E.2d 396 (1961), the State must be held to prove the dates in the indictments. *Whittemore* is of no assistance to defendant. *Whittemore* stands for the proposition that when a defendant relies on the date in the indictment to put forth an

alibi defense, the State may not then offer proof that he committed the offense on some other date. *See also State v. Price*, 310 N.C. 596, 313 S.E.2d 556 (1984); *State v. Cameron*, 83 N.C. App. 69, 349 S.E.2d 327 (1986). In the case *sub judice*, the defendant did not testify at all and certainly did not rely on the dates in the indictments to raise an alibi defense. This assignment of error is without merit.

The factual situations giving rise to defendant's first two assignments of error, regarding corroborating hearsay testimony and lack of compliance by the State with discovery rules, are not likely to arise again at defendant's new trial. We therefore do not address them.

New trial.

Chief Judge HEDRICK and Judge WELLS concur.